NO. 07-06-0387-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 29, 2007

_____

RICHARD CALVIN GIPSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 241ST DISTRICT COURT OF SMITH COUNTY;

NO. 241-0463-06; HON. JACK SKEEN, JR., PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Richard Calvin Gipson, challenges his conviction for intoxication manslaughter through four issues. The first two pertain to the legal and factual insufficiency of the evidence. The third concerns the trial court's admission of expert evidence, while the fourth involves the quantum of punishment he received. We affirm the judgment.

*Sufficiency of the Evidence*

According to appellant, the record lacks sufficient evidence to establish that he was intoxicated at the time of the accident or that his conduct caused the accident. We disagree and overrule the issue.

The record contains evidence of the following. On September 23, 2004, around 5:30 a.m., appellant was driving on the wrong side of the highway between Kilgore and Tyler. He initially knocked off the driver's side mirror of a vehicle driven by Michelle Henckel but she was able to swerve and avoid a collision. However, appellant collided with the vehicle behind Henckel, which vehicle was driven by Charlotte Bryan. Ms. Bryan was pronounced dead at the scene. Thereafter, cocaine, cocoethylene (a product of the use of cocaine and alcohol), marihuana, and benzodiazepine (a central nervous system depressant) were found in appellant's system. The State also presented testimony that appellant 1) was speeding, 2) had driven over 300 feet in the wrong lane of traffic, 3) never attempted to swerve back into his own lane or brake even after striking the mirror on the vehicle driven by Henckel, 4) acted abnormally after the accident by calmly smoking a cigarette in the presence of leaking automobile fluids even though he was pinned in the vehicle for a considerable time and had suffered a broken leg, 5) thought others hit him, 6) had a crack pipe in his vehicle, 7) had used benzodiazepine at least within the last 72 hours, and 8) had a sufficient quantum of cocaine on or near his person to illustrate that he was either a heavy user or had used cocaine within 24 hours of his specimen. So too did a drug recognition expert testify that based on all of the information available to him, he believed that appellant was intoxicated at the time of the accident. The foregoing is

2

some evidence upon which a reasonable jury could rationally conclude that appellant was intoxicated and that the intoxication caused the wreck that killed Ms. Bryan.

One is intoxicated if he is does not have "the normal use of [his] mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance in his body." TEX. PEN. CODE ANN. §49.01 (2)(A) (Vernon 2003). The presence of drugs within appellant's body, his erratic driving, his failure to stop after colliding with other objects, his odd demeanor after the accident, and his lack of grasp of the circumstances provide the necessary foundation for his conviction.

Although other evidence suggested that appellant's vehicle had an under-inflated tire and had been subject to a recall notice with respect to a defect that could have caused the engine to stop running, no evidence appears illustrating that appellant's vehicle actually suffered from the defect encompassed within the recall notice at the time of the collision. Furthermore, the State presented evidence that appellant would have been able to steer the vehicle at a high speed even if the engine had stopped immediately preceding the collision and even with an under-inflated tire. This, combined with the information already summarized above, prevents us from concluding that the evidence of guilt was weak or that the verdict was against the great weight and preponderance of the evidence.

*Admission of Expert Testimony*

Next, appellant complains about the admission of Sergeant Jimmy Jackson's testimony. The witness was offered by the State as a drug recognition expert. Below, appellant argued that Jackson was not qualified to be an expert. Here, however, he says nothing about the sergeant's qualifications but rather attacks the protocol used by the

witness to derive his conclusions. That topic was not mentioned below as a basis for his objection. Having gone unmentioned at trial, it was not preserved for review. *Washington v. State,* 152 S.W.3d 209, 213 (Tex. App.–Amarillo 2004, no pet.).

*Disproportionate Sentence*

Finally, appellant contends that the life sentence he received for killing another while driving in an intoxicated state was disproportionate or excessive despite his prior conviction. Like the foregoing complaint, this too went unmentioned below. Thus, it too was not preserved for review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (failing to object to punishment as cruel and unusual); *Harvey v. State*, 173 S.W.3d 841, 850 (Tex. App.–Texarkana 2005, no pet.) (failing to make objection that court considered matters outside the record in assessing the punishment).

In sum, all of appellant's issues are overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.

4